UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG MIDDLETON,

                    Petitioner,

-vs-                                                        Case No.  8:06-cv-217-T-17TBM

SECRETARY,   DEPARTMENT   OF
CORRECTIONS,

                    Respondent.

_____

## **ORDER**

        This cause is before the Court on pro se petitioner Craig Middleton's 28 U.S.C. §

2254 petition for writ of habeas corpus.   Middleton challenges his convictions and

sentences entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County,

Florida.  He is proceeding on his amended petition (Doc. No. 7).  Respondent filed a

response to the petition.  (Doc. No. 12).  Middleton did not file a reply.

        A review of the record demonstrates that, for the following reasons, the petition must

be **denied.**

Background

        Craig Middleton was charged in case no. CRC03-05368CFANO with robbery and

the misdemeanor offense of providing a false name or identity to law enforcement.

Middleton was also charged by separate information in case no. CRC03-0662CFANO with

felony driving while license suspended or revoked and misdemeanor fleeing and eluding

an officer. On September, 26, 2003, Middleton, represented by appointed counsel,

appeared a entered a guilty plea as charged. On November 13, 2003, Middleton was adjudicated guilty of the offenses in each case and sentenced on the robbery to ten years prison as a habitual felony offender. A concurrent prison term of five years was imposed on the charge of felony driving while license suspended or revoked in case no. CRC03-0662CFANO. Middleton was sentenced to time served on the misdemeanor counts. He did not appeal his plea-based judgments. Middleton filed a pro se motion for reduction or modification of sentence under Florida Rule of Criminal Procedure 3.800(c) dated January 9, 2004. A non-appealable order denying same was rendered shortly thereafter on January 27, 2004.[1]

Middleton filed a pro se motion for postconviction relief dated April 16, 2004, under Florida Rule of Criminal Procedure 3.850. Although the motion referred to his two cases, he sought postconviction relief only from his robbery conviction and sentence thereon. By order rendered July 21, 2004, the postconviction court dismissed the rule 3.850 motion in part without an evidentiary hearing and denied the motion in part. Middleton's motion for rehearing was denied by order rendered August 20, 2004. Middleton did not appeal.

Instead, Middleton filed another pro se rule 3.850 motion dated September 29, 2004. This application was dismissed as successive by order rendered December 15, 2004. Again, Middleton did not appeal the summary order. His pattern of lodging rule 3.850 attacks rather than an appeal continued. Middleton filed a pro se motion to correct illegal sentence dated December 17, 2004, under Florida Rule of Criminal Procedure 3.800(a).

---

[1] Denial of a rule 3.800(c) motion is not appealable, *e.g., Bateman v. State*, 866 So.2d 211 (Fla. 4th DCA 2004).

This collateral application was denied with a hearing by order rendered December 27, 2004. Middleton's rehearing motion was denied as untimely by order rendered January 25, 2005. No appeal was taken.

Middleton filed a third pro se rule 3.850 motion dated February 4, 2005, which was dismissed by order rendered February 16, 2005. This time, Middleton appealed the adverse result. On September 23, 2005, the state district court per curiam affirmed the summary denial with citation only in case no. 2D05-1748. *Middleton v. State*, 914 So. 2d 965 (Fla. 2d DCA 2005). Following denial of rehearing, the mandate issued November 17, 2005.

The Present Petition

Middleton originally timely filed a pro se 28 U.S.C. § 2254 petition with exhibits which reflect the petition and exhibits were delivered to state prison officials on February 6, 2006. (Doc. No. 1). He is proceeding on an amended petition, (Doc. No. 7), which is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996.

STANDARDS OF REVIEW

The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000).

Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Discussion

Ground One

Middleton contends his trial counsel rendered ineffective assistance by not filing a motion to dismiss the information charging him with robbery. In his supporting facts, he claims the facts underlying his robbery conviction would have showed that store security attempted to stop him before he exited the store where the robbery was alleged to have occurred. This ground was raised in Middleton's second rule 3.850 application which was dismissed as successive. (Resp. Exs. 12, 13).

-4-

Ground one is procedurally barred because Middleton did not raise his claim of ineffectiveness in his <u>first</u> rule 3.850 motion and then appeal the denial thereof.[2] In Florida, exhaustion of rule 3.850 claims includes an appeal from the denial thereof. *See Leonard v. Wainwright*, 601 F.2d 807 (11th Cir. 1979).

Before seeking federal habeas relief, a state prisoner must "fairly present" his claim in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27 (2004). By not timely raising his claim in his first rule 3.850 motion and then appealing the adverse result thereon, Middleton deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(internal quotation omitted).

Middleton points to his second rule 3.850 motion. (Doc. No. 7 at 6). When Middleton improperly raised his claim of ineffectiveness of counsel in his second rule 3.850 motion, the motion was dismissed as successive, and he did not appeal the dismissal. Doc. No. 7 at 7). Under Florida rule 3.850, a successive motion may be dismissed if it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the failure to raise those issues in a prior motion

---

[2] Middleton's first rule 3.850 motion faulted his counsel for not deposing the victim and not moving to dismiss the charging document on the premises that the victim was not seriously injured and was not in fear. This is a different claim than the claim presented in ground one of the instant amended petition. In addition, Middleton did not raise his claim in an appeal from the summary denial of his first rule 3.850 motion.

constitutes an abuse of process. *Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); see also *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). The postconviction court expressly applied Florida's procedural rules in dismissing Middleton's second rule 3.850 motion. The unappealed decision rests on independent and adequate state procedural grounds barring federal review of ground one. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Cause must ordinarily be something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted).

Middleton claims he was unaware he could pursue relief in another court until the time for taking an appeal had expired. (Doc. No. 7 at 6). However, he does not offer a satisfactory explanation as to why he did not raise his claim in his first rule 3.850 motion. His lack of knowledge of available remedies is not valid cause for excusing his procedural default. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993)("[I]gnorance of available post-conviction remedies cannot excuse a procedural default."). A petitioner's failure to act

or think like a lawyer cannot be cause for failing to assert a claim at the state post-conviction level. *See Smith v. Newsome*, 876 F.2d 1465, 1466 (11th Cir. 1989).

Any cause allegation is now procedurally barred by the two-year limitation of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *E.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). Even if Middleton could show valid cause, Middleton cannot avoid his default. Middleton does not allege and meet the prejudice component of the *Wainwright v. Sykes* test. His petition does not set forth a sufficient basis to conclude there is at least a reasonable probability that the result of the proceeding would have been different had counsel filed a motion to dismiss the information charging him with robbery. *Henderson v. Campbell*, 353 F.3d at 892. Nor does Middleton meet the fundamental miscarriage-of-justice exception. He has no new and reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Waiver of Antecedent Non-Jurisdictional Claims

In addition, ground one is waived by entry of Middleton's voluntary guilty plea. The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Following the entering of a guilty plea on the advice of counsel, the scope of a federal habeas corpus inquiry is limited to whether the plea was voluntarily and intelligently made; an independent inquiry as to the existence as such of any antecedent constitutional infirmity is improper. *Tollett, supra* at 266. Only an attack on the voluntary and

knowing nature of the plea can be sustained. *United States v. Broce*, 488 U.S. 563, (1989)("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.)[3]

In Middleton's case, the factual underpinnings of ground one are alleged to have occurred, if at all, prior to entry of his plea rather than contemporaneously with it. Middleton does not dispute he was aware prior to entry of his plea of the extent of his counsel's investigation of the state's evidence and potential defenses, including his claim as to when he was stopped by store security. Middleton's knowing entry of the plea terms cut off any further inquiry into the state's proof or potential defenses. *See Neely v. Pennsylvania*, 411 U.S. 954, 957 (1973)("A guilty plea constitutes a waiver of the fundamental rights to a jury trial . . . and to be convicted by proof beyond all reasonable doubt.").[4]

The waiver effect of Middleton's voluntary plea applies as well to his claim of ineffectiveness of counsel in ground one because the claim does not implicate the validity of the plea itself. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.)(voluntary guilty plea waives all non-jurisdictional defects in proceedings against the defendant, including claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged

---

[3] *See also Matthew v. Johnson,* 201 F.3d 353, 364 (5th Cir.)(noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights), *cert. denied*, 531 U.S. 830 (2000).

[4] The primary challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill*, 474 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. 258, 267 (1973). Sub judice, none of Middleton's assertions in ground one falls within the ambit of an involuntary plea challenge that would survive waiver by plea. Middleton does not specifically claim his counsel or the state court coerced him to plead. Middleton entered the plea freely and voluntarily with full awareness of his counsel's actions regarding the robbery charge. As a result of his entry of the free and voluntary plea, Middleton waived further testing of the charge, such as by means of a dismissal motion.

-8-

to have rendered the guilty plea involuntary), *cert. denied*, 531 U.S. 919 (2000). Since Middleton does not allege facts showing his plea was involuntary in ground one, his ineffectiveness claim is also waived and precluded by entry of the plea.[5]

Even if Middleton's claim of ineffective assistance of counsel is reached, Middleton fails to meet his burden under the AEDPA standards. A challenge to a guilty plea based on a claim of ineffective assistance of counsel is reviewed using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). It is objectively reasonable to conclude Middleton does not set forth a sufficient basis to meet either prong of *Strickland*.

First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment. Counsel's performance is constitutionally deficient when it "[falls] below an objective standard of reasonableness." *Id.* at 688; *see also Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(thorough discussion of guiding principles). Second, the petitioner must show that deficient performance prejudiced the defense. *Strickland*, at 693-96.  To show prejudice in the context of a plea, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and [would have] insisted

---

[5] *See also E.g., Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(".... because we have already held Smith's plea to be voluntary, it follows that his claims of ineffectiveness unrelated to the guilty plea are waived -- e.g., Johnson's alleged failure to review the prosecutor's file to verify laboratory test results that the substances Smith delivered were in fact heroin and cocaine; Johnson's alleged failure to investigate witnesses and the legality of Smith's arrest; or any other alleged failure of Johnson to find "holes" in the government's case against Smith."); *see also, e.g., Baker v. State*, 879 So. 2d 663, 664 (Fla. 4th DCA 2004)(affirming denial of state prisoner's rule 3.850 claim his trial counsel was ineffective for not attacking credibility of codefendant; guilty plea cut off inquiry into all issues arising prior to plea and further attack on credibility of codefendant was rendered pointless by plea).

on going to trial." *Hill*, 474 U.S. at 59. *Strickland* counsels that if a defendant fails to make a proper showing under one of the prongs, the court need not consider the other prong. *Strickland*, 466 U.S. at 697.

Counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991)(internal citation omitted). *See also, Halbert v. Michigan*, 125 S. Ct. 2582, 2598 (2005)(When a defendant pleads in open court, there is less need for counsel to develop the record and refine claims to present to an appellate court). Moreover, "[t]he defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources." *Smith v. Collins*, 977 F.2d 960 (5th Cir. 1992), *cert. denied,* 510 U.S. 829 (1993).

In Middleton's case, it is objectively reasonable to deny his claim on the present record under the *Strickland/Hill* framework. He does not overcome the strong presumption that his counsel's performance concerning the state's evidence undergirding his robbery charge was in the exercise of reasonable professional judgment. *Strickland*, 466 U.S., at 690.

In Florida, when moving to dismiss under rule 3.190(c)(4), a defendant has the burden to demonstrate that the undisputed material facts fail to establish a prima facie case of guilt. *See State v. Anderson,* 536 So. 2d 1166 (Fla. 2d DCA 1988). When deciding such

a motion, the state court must refrain from resolving fact disputes and draw all reasonable inferences in favor of the state. *See State v. Diaz*, 627 So. 2d 1314 (Fla. 2d DCA 1993). Middleton fails to show that not one reasonably competent attorney at the time could have concluded that a dismissal motion would not preclude the state judge from concluding either there were facts in dispute or that undisputed facts supported a prima facie case of robbery.

Alternatively, the claim can be denied under the prejudice prong of *Strickland*. A mere allegation by the defendant that he would have insisted on going to trial, although required, is insufficient to establish prejudice. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001)(defendant's mere allegation he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief on an ineffective assistance claim; rather, court looks to factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial); *see also, United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

Middleton's allegations do not demonstrate, even if proven, there is a reasonable probability that, but for counsel's alleged errors, Middleton would not have entered his plea and would have insisted on going to trial. *Hill v. Lockhart, supra.* Middleton does not reconcile his statement that he would have insisted on a jury trial with his declarations in his plea form, including inter alia, that he was giving up his rights attendant with a jury trial, including the right to require the state to prove the charges beyond a reasonable doubt, and he did not require the state to tell the court the facts upon which the charges were based before the plea was accepted. Resp. Ex. 03. In addition, Middleton does not set forth

objective facts which would explain why he attested in his plea form he was satisfied with his counsel's advice. *Id.*

Middleton was aware, when he pled, of his claim concerning the timing of his apprehension by store security and counsel's efforts relative thereto. Under the circumstances, it is objectively reasonable to conclude Middleton's assertions are insufficient to show he would not have entered his plea had his trial counsel sought dismissal as proposed. Accordingly, the state decision on his claim resulted in a reasonable application of *Strickland* and *Hill* and their progeny and a reasonable determination of the facts in light of the evidence.

Ground one does not warrant habeas relief.

### Ground Two

Middleton claims the state trial court erred in sentencing him as a habitual offender. According to Middleton, he was not given adequate notice of the state's intent to seek habitual sentencing. Subject matter jurisdiction does not lie to address this ground which presents only state law matters. Whether a state's notice of intent to seek habitual sentencing is adequate to impose a habitual sentence such as Middleton's is solely a matter within the province of the Florida courts. Federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *See Johnson v. Singletary,* 883 F.Supp. 1535, 1542 (M.D. 1995); *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983); *Jones v. Estelle*, 622 F.2d 124 (5th Cir.), *cert. denied*, 499 U.S. 996 (1980); *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir.

1976). This applies even when such a claim is couched in terms of equal protection and due process. *See Branan v. Booth*, 861 F.2d at 1508.

Moreover, the constitutional dimension of this claim, if any, was not raised by Middleton at sentencing and on direct appeal, and the claim is procedurally defaulted. This circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.) (claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990) (under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion).

Claims or portions of claims which are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Coleman*, 501 U.S. at 735 n.1; *Tower,* 7 F.3d at 210. Here, it would be futile to dismiss the petition and give Middleton the opportunity to exhaust a constitutional challenge concerning the state's notice because it could have and should have been preserved and raised on direct appeal. Further and alternatively, Middleton did not raise a federal claim regarding the state's notification in his first rule 3.850 motion and then appeal an adverse result thereon. Therefore, ground two is procedurally barred.

When Middleton raised his state law-based claim in his February 16, 2005, rule 3.850 motion, the postconviction court found the motion was procedurally barred as successive. Resp. Exs. 17, 18. The ensuing affirmance cited to state decisional law holding that a state's "shotgun" notice of intent to seek enhanced penalties pursuant to section

775.084, Florida Statutes (1995), provides a defendant adequate notice of the classification and penalty he would be subject to upon conviction. *Royal v. State*, 908 So. 2d 1167 (Fla. 2d DCA 2005); *see also, Washington v. State*, 895 So. 2d 1141, 1143 (Fla. 2d DCA 2005)(defendant was given notice of intent he would be subject to enhanced sentence under any of provisions of section 775.084, and it was his responsibility to prepare accordingly).

The affirmance rests on independent and adequate state substantive grounds foreclosing federal review of ground two. A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. *See Eagle v. Linahan*, 279 F.3d 926, 936 (11th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

Title 28 § 2254(e)(2) bars a federal district court from conducting an evidentiary hearing or otherwise permitting an expansion of the evidentiary record in support of a habeas claim if the petitioner failed to develop the factual basis for his claim in state court. Diligence for purposes of § 2254(e)(2) depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court. *See Williams v. Taylor*, 529 U.S. 420, 435 (2000).

Ground two does not warrant habeas corpus relief.

Final Comments

Middleton was afforded ample opportunity to allege sufficient underpinnings for his grounds in the state courts He is now precluded by § 2254(e)(2) from developing any new factual assertions in that regard not presented the state courts in a timely manner. Even if § 2254(e)(2) does not preclude a federal evidentiary hearing, Middleton nonetheless is not automatically entitled to a hearing. It would still be appropriate to deny him a hearing if such would not assist in resolution of his claims. In order to obtain an evidentiary hearing, the petitioner must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002). This determination is circumscribed by the AEDPA's highly deferential standards. *Id.,* 279 F.3d at 960 ("In the post AEDPA era, we do not conduct an independent review of claims that have been addressed on the merits by the state courts. The relevant standard for federal habeas review of such claims is governed by 28 U.S.C. § 2254(d)(1)....") Middleton is not entitled to federal relief on either of his grounds. His factual underpinnings for such, even if proven, would not establish that the state postconviction court acted contrary to, or unreasonably applied, clearly established federal law when it denied his claims without holding an evidentiary hearing.

**Accordingly, the Court orders:**

That Middleton's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Middleton and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 15, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Craig Middleton